# Corley *v*. Brown.

## *Assumpsit.*

(Decided Feb. 10, 1910.　51 South. 731.)

*Work and Labor; Jury Question.*—An action based upon a promise to pay a balance for work and labor done, is not upon the original contract, but on the independent promise, and hence, pleas setting up the original contract were not so proven without dispute as to authorize the verdict to be directed for the defendant.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by R. E. Brown against W. A. Corley. Judgment for plaintiff and defendant appeals. Affirmed.

RIDDLE, ELLIS & KELLY, for appellant.—The defendant proved his pleas and was entitled to the affirmative charge.—*Gilliland & Son v. Martin*, 42 South. 7.

JOHN A. DARDEN, for appellee.—The evidence was not so free from conflict as to entitle defendant to the affirmative charge.—134 Ala. 242; 135 Ala. 537; 136 Ala. 562.

MAYFIELD, J.—This action originated in a justice court, and there resulted in a judgment for plaintiff. Defendant appealed to the circuit court, wherein the judgment was likewise for plaintiff, from which latter judgment this appeal is prosecuted.

The only error assigned is the refusal of the trial court to give the affirmative charge for defendant. It is insisted that one or more of the pleas were proven without dispute. If this be true, of course, the charge

should have been given as requested. We cannot agree with counsel, however, that any one of the pleas were so proven. The pleas, of course, must be referred to the complaint, which they profess to answer. The action was for balance due for work and labor done, and for a promise to pay this balance.

While it is undisputed that there was originally, between the parties, a contract to build a specified house and to pay a certain amount therefor, and that the house was not completed in accordance with this contract, it is shown that this contract was afterwards changed, at the request of the defendant, acceded to by the plaintiff, and another contract substituted therefor, and that the parties thereupon made a complete settlement and adjustment between themselves, and that this suit is for the balance in that settlement agreed on. Hence this suit is not on the original contract, as alleged in the pleas. No contract is sued on, except this promise to pay this balance, and it is conceded that the balance was not paid.

It is further shown, or a part of the evidence tends to show, that the original contract was changed or abandoned at the instance and request of the defendant, and that he promised to pay this balance in consideration of the change of the contract. So the action was not on the original contract, as alleged in the pleas. The pleas were, therefore, not proven without dispute, and the court properly refused to give the affirmative charge as requested.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.